CAVANAGH, J.
(dissenting). I concur fully with Justice Weaver’s dissenting opinion because I, too, believe that the majority’s systematic dismantling of our standing principles is seriously misguided. Moreover, I would find that plaintiffs properly have standing because the evidence they presented soundly demonstrates that the conduct of Nestlé Waters North America Inc. is perpetrating detrimental environmental effects on the ecosystem about which plaintiffs’ complaint is concerned. I reject the sort of “piecemeal justice” the majority would afford plaintiffs because, in my view, there is no justifiable reason for preventing plaintiffs from holding defendants accountable for actions that affect this intricately connected area. I would recognize that, at the very least, areas a citizen does not use — but that are perceptibly affected by the same conduct that is affecting the areas the citizen does use— are encompassed within the citizen’s right to pursue a claim against the offending actor.[1] See Lujan v Defenders of Wildlife, 504 US 555, 566; 112 S Ct 2130; 119 L Ed 2d 351 (1992) (rejecting standing only for “persons who *323 use portions of an ecosystem not perceptibly affected by the unlawful action in question”).[2]
Only in this way can we attempt to fully ensure the protection of our environment. It is for this reason that I reject the majority’s statement that “[w]hat we have done is recognized an established constitutional line on our judicial authority to adjudicate what would otherwise be public policy-oriented lawsuits brought by persons who have no immediate stake in the controversy.” Ante at 309. I do not agree that lawsuits brought to vindicate environmentally detrimental conduct are merely “public policy-oriented,” nor do I agree that when an ecosystem of which a person seeking standing is a part is suffering perceptible degradation, the person has no “immediate stake in the controversy.” The divergence between the majority’s viewpoint and my own stems from what is clearly a fundamentally different assessment of the interconnectedness of people and the environment in which we live.

 Such a restriction would alleviate the majority’s grave concern about “anyone but a Martian” attaining standing with respect to environmental protection claims in Michigan. See ante at 300.

 It should be clear that by appropriating an insightful proposition from Lujan, I am not endorsing the balance of the Lujan Court’s standing analysis. See ante at 295 n 29.

 464 Mich 726; 629 NW2d 900 (2001).

 471 Mich 608; 684 NW2d 800 (2004).